**DeTRAE ENTERPRISES INC.,**
**Petitioner,**

v.

**SECRETARY OF LABOR AND OCCUPA-TIONAL SAFETY AND HEALTH RE-VIEW COMMISSION, Respondents.**

No. 345, Docket 80–4126.

United States Court of Appeals, Second Circuit.

Argued Oct. 29, 1980.

Decided Dec. 2, 1980.

Opinion Filed March 26, 1981.

Donald F. Van Cook, Deer Park, N. Y., for petitioner.

Domenique Kirchner, Washington, D. C. (Francis V. Laruffa, U. S. Dept. of Labor, New York City, Carin A. Clauss, Benjamin W. Mintz, Allen H. Feldman, U. S. Dept. of Labor, Washington, D. C., of counsel) for respondents.

Before MOORE, MULLIGAN and OAKES, Circuit Judges.

PER CURIAM:

DeTrae Enterprises (DeTrae) petitions for review of an order of the Occupational

Safety and Health Review Commission holding DeTrae responsible for certain serious violations of regulations promulgated pursuant to the Occupational Safety and Health Act, 29 U.S.C. §§ 651–678.[1] The violations were found to have existed on September 5, 1979 at a construction site located at Smithhaven Mall, Lake Grove, New York, where DeTrae was employed as a masonry subcontractor. The Commission found that DeTrae had allowed its employees to work near unguarded floor openings and open sided floors, had failed to provide standard handrails at two stairways, and had neglected to fill the hollow pan treads of one stairway with concrete, in violation of 29 C.F.R. §§ 1926.500(b)(1), 1926.-500(d)(1), 1926.500(e)(1)(iv) and 1926.501(f). DeTrae contests these findings on the primary ground that it had no control over creating or correcting the safety violations.

The petition for review is denied and the Commission's decision is affirmed in all respects.[2] There is substantial evidence to support the findings of the Commission that the petitioner committed the violations charged by permitting its employees to use the unguarded areas on the construction site. Petitioner neither provided alternative means of protection for its employees, warned its employees, nor prevented them from using the hazardous areas. Even though DeTrae, as a subcontractor, neither created nor controlled the hazardous conditions, it had the primary responsibility for the safety of its own employees and was obligated to take realistic steps to protect them. *Bratton Corp. v. OSHRC*, 590 F.2d 273, 276–78 (8th Cir. 1979).

---

1. An administrative law judge found that DeTrae would be liable for the violations, and assessed penalties totalling $550.00 against DeTrae on May 27, 1980. DeTrae's petition for discretionary review by the Commission was denied, and the administrative law judge's report became the final order of the Commission on June 26, 1980. See 29 U.S.C. § 661(i); 29 C.F.R. § 2200.90(b)(3). Our jurisdiction over DeTrae's petition to this court is conferred by 29 U.S.C. § 660(a).

2. The petition for review was denied by order filed December 2, 1980. The Secretary of Labor moved that the order be published; we accordingly issue this opinion.